UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WYNNE POLICE DEPARTMENT<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>* CIVIL ACTION NO. 2:12cv104KGB<br>*<br>*<br>*<br>*<br>* |

## CONSENT JUDGMENT

Plaintiff has filed her complaint and Defendant without admitting it has violated any provision of the Fair Labor Standards Act of 1938 has agreed to the entry of judgment without contest. It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it be permanently enjoined from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §201, *et seq.*, hereinafter referred to as the Act, in any of the following manners:

1. Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless: (1) the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed or (2) the employee

is exempt pursuant to Section 13 of the Act.

2. For any employee eligible for coverage under Section 7(k) of the FLSA, Defendant will not be in violation of Paragraph 1 of this Consent Judgment if Defendant complies with Section 7(k) of the Act and its implementing regulations.

3. Defendant shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by it, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

4. Defendant has paid to Plaintiff overtime compensation in the total amount of $75,651.39, which the parties agree, and the court finds, is due under the Act to Defendant's employees named in the attached Exhibit A for the period June 6, 2009 – August 10, 2012. Plaintiff shall make appropriate distribution of the unpaid compensation to the employees, or their estate if necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed within three (3) years hereof because of inability to locate the proper person, or because of their refusal to accept, the money shall be deposited with the U.S. Treasury.

5. Defendant has also paid to plaintiff liquidated damages in the total amount of $75,434.67, which the parties agree, and the court finds, is due under the Act to Defendant's employees named in the attached Exhibit A for the period since June 6, 2009 – August 10, 2012. Plaintiff shall make appropriate distribution of the liquidated damages to the employees, or their estate if necessary. In the event that any of the money cannot be distributed within three (3)

years hereof because of inability to locate the proper person, or because of their refusal to accept, the money shall be deposited with the U.S. Treasury.

6. The right of Defendant's employees not specifically named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. §216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar an action and the statute of limitations in such action shall be deemed tolled from June 6, 2009 to August 10, 2012.

7. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendant, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after August 10, 2012.

8. Defendant agrees to a Compliance Assistance and Training Program to be provided by the Wage and Hour Division. Under this program, Wage and Hour will provide training to designated Wynne Police Department employee trainers on the application of the FLSA to the Wynne Police Department employees. This training will be provided on or before January 31, 2013, at dates mutually convenient to both parties. Training materials for these training sessions will be provided by the Wage and Hour Division.

9. Defendant agrees to have its trainers replicate the training provided by the Wage and Hour Division to all managers, supervisors, and uniformed officers on or before February 28, 2013. Defendant agrees to duplicate and distribute all training materials provided by the Wage and Hour Division to all managers, supervisors, and uniformed officers at each of these training sessions held by its trainers.

10. Defendant agrees to provide a replication of the training provided by the Wage and

Hour Division to all new hires in the positions of managers, supervisors, and uniformed officers within sixty (60) days of the date of hire. Defendant agrees to provide a duplicate of the training materials to all new hires in the positions of managers, supervisors, and uniformed officers within sixty (60) days of the date of hire.

11. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 5 day of January, 2013.

_Kristine G. Baker_
UNITED STATES DISTRICT JUDGE

**FOR THE DEFENDANT:**

_signature_
Name: Kathleen Talbot
Title: City Attorney
Company: City of Wynne
Address: PO Box 1143
Wynne AR 72396
Telephone: 870 238 0006
Facsimile: 870 238 0077

**FOR THE PLAINTIFF:**

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

_Jennifer J. Johnson_
JENNIFER J. JOHNSON
Trial Attorney in Charge
TX Bar No. 24055743
Office of the Solicitor
U.S. Department of Labor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

Attorneys for Plaintiff.
RSOL Case No. 12-00495

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WYNNE POLICE DEPARTMENT<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO. 2:12cv104KGB<br>*<br>*<br>*<br>*<br>* |

**EXHIBIT A TO CONSENT JUDGMENT (Docket No. 6)**

Adams, Kevin
Aldridge, Gloria
Allen, Martin
Baskins, Kimberly
Bond, Jeremy
Courtney, Russell
Dennis, Richard
Gentry, John
Hill, Jonathan
Hinton, Michael
Martin, Tommy
Mason, Wesley
Mitchell, Jason
Mitleff, Quinton
Morris, Granvil
Murphy, Dennis
Pickett, Kenneth
Sims, Mario
Smith, Howard
Stewart, Jeff
Swink, James
Walls, Jamie
Washington, Carl
Yarbrough, Christopher